LOTTINGER, Chief Judge.
This is an appeal by Eliot S. Levin (Levin) and C. Philip Bein (Bein) from the affir-mance by the trial court of the denial of then-peremptory exception raising the objections of no right of action and no cause of action to the proceedings brought by the Louisiana State Board of Certified Social Workers (Board).
FACTS
Other than memoranda filed by all parties, the record in this proceeding consists of a copy of a letter dated June 18, 1991, addressed to Eliot S. Levin, BCSW, from the Board setting forth that the Board alleges Mr. Levin violated Rules Nos. 4 and 5 of the Louisiana State Certified Social Workers Rules, Regulations and Procedures during calendar years 1985 and 1986 when Mr. Lev-in was a MSW supervised by Philip Bein, BCSW, and a similar letter to C. Philip Bein, BCSW, alleging violations of the same rules by “aiding and abetting unlicensed activity by your knowledge of Mr. Levin’s private practice during 1985 and 1986 when you supervised him toward the BCSW License.”
C. Philip Bein filed the peremptory exception raising the objections of no right of action and no cause of action contending the content of the rules is outside the authority of the Board to adopt in that the rules expand the licensing requirements as provided in La.R.S. 37:2706. It is acknowledged that Levin adopted by letter the exception filed by Bein.
In appealing the decision of the trial court, appellants contend the trial court erred in finding that the Board’s Rules Nos. 4 and 5 do not create additional requirements for licensure.
The basis of appellants’ argument is that the Board has exceeded its authority by creating and mandating the position of “employee” and that same be proved by use of income tax returns and a W-2 form. Appellants contend that because no W-2 forms were issued to Levin, Bein is charged with negligent supervision of Levin.
I
In 1972, realizing the need “to safeguard the public health, safety and welfare of the people of this state against unauthorized, unqualified, and improper practice of board certified social work,” the legislature enacted the Board Certified Social Work Practice Act, La.R.S. 37:2701-2718. This legislative pronouncement creates a board of examiners with the power to adopt and revise such rules and regulations as may be necessary to enable it to carry into effect the provisions of the act; to examine for, deny, approve, revoke, suspend and renew the license of board certified social workers and review the applications at least once a year; to conduct hearings on charges calling for revocation or sus *758 pension of a license; and to prosecute and enjoin all persons violating the act. La.R.S. 37:2705 C.
In La.R.S. 37:2706 A the legislature mandated the requirements to be a licensed board certified social worker. The applicant must verify by oath that he:
(1) Is at least twenty-one years of age.
(2) Is of good moral character.
(3) Has obtained a master’s degree from an accredited graduate school of social work.
(4) Demonstrates professional competence by passing a satisfactory examination in social work which shall require demonstration of special knowledge and skill in interventive methods and techniques and the underlying theories including psychopathology, group dynamics, human growth and behavior and health and welfare resource systems and which shall be written and oral as prescribed by the board.
(5) Has at least two accumulated years of post-master’s experience after the effective date of this Chapter in a setting practicing social work under the supervision of a board certified social worker or a physician licensed to practice medicine in the state of Louisiana and certified by the American Board of Neurology and Psychiatry who must countersign all work, provided that the board has the right to review supervision to standardize its quality and quantity.
Further, La.R.S. 37:2718 provides that:
No provision of this chapter shall be construed to prohibit:
(1) the activities and services of a student pursuing a course of study in an approved social work educational program if these activities and services constitute a part of his supervised course of study;
(2) subsidiary workers in the agencies and offices of persons certified to practice board certified social work in this state from assisting in the rendering of services to clients under the personal and responsible supervision and direction of such persons;
(3) activities of a psychosocial nature or the use of the official title of the position for which a person is employed by federal, state, parish, municipal, or other political subdivisions, or any educational institution chartered by the state, or a private, nonprofit agency, hospital or accredited clinic provided that such persons are performing these activities as part of the duties for which they are employed or solely within the confines or under the jurisdiction of the organization by which they are employed, provided further that they shall not offer to render social work services, as defined in R.S. 37:2703(2) and (3), to the public for a fee, monetary or otherwise, over and above the salary they receive for the performance of their official duties with the organization by which they are employed;
(4) qualified members of other professional groups from doing work of a psychosocial nature consistent with the standards and ethics of their respective professions, provided that they shall not hold themselves out to the public by any title or description of services incorporating the term board certified social worker, or that they shall not state or imply that they are licensed to practice board certified social work. These qualified members of other professional groups shall include, but are not limited to, the following:
(a) a physician and surgeon licensed to practice medicine in the State of Louisiana;
(b) a licensed psychologist;
(c) a priest, rabbi, or minister of the gospel of any religious denomination.
Thus in short, the Board Certified Social Work Practice Act provides for the licensing of Board Certified Social Workers, the requirements to be met to be licensed, and the activities related to social work which do not require a license.
Pursuant to its rule making authority found in La.R.S. 37:2705 C, the Board adopted the following rules:
RULE NO. 4 PRIVATE PRACTICE DEFINED
Any social worker practicing social work for a fee or other remuneration — but not *759 an employee as defined in Rule No. 5, nor excluded by Section 2718 of LA R.S. 37:2701-2718 — shall be considered to be in private practice. Only a social worker currently licensed as a Board Certified Social Worker by the State of Louisiana may engage in the private practice of social work.
RULE NO. 5 EMPLOYEE (in Social Work) DEFINED
A social worker shall be considered an employee under the following conditions:
a. S/he provides direct or indirect social work services;
b. S/he receives remuneration from an employer for these services; and
c. Said employer deducts federal income tax and F.I.C.A. from the salary or wages.
Non-licensed social workers shall not:
a. Contract directly with clients for clinical services, consultation, supervision or educational services;
b. Bill clients for services rendered;
c. Receive direct payment from clients;
d. Claim to be licensed or in private practice.
II
The Board is specifically “authorized to adopt and revise such rules and regulations as may be necessary to enable it to carry into effect the provisions” of the act. La.R.S. 37:2705 C. We do not find that the Board has exceeded its authority by the adoption of Rules Nos. 4 and 5. These rules do not create any additional requirements beyond those found in La.R.S. 37:2706. Rule No. 4 merely defines what constitutes “private practice.” Rule No. 5 attempts to define the term “employee” by illustratively providing factors to consider in determining whether one is an employee. Rule No. 5 also provides what a non-licensed social worker may not do in the field of social work. Rule No. 5 contemplates an individual being paid to do social work who is a non-licensed social worker. We do not consider the factors listed in defining “employee” to be exclusive, but rather illustrative. Thus we conclude the Board has not exceeded its authority.
The Board obviously has a right of action because it is the proper party to investigate any misconduct and bring any action against these individuals. Further, we find that a cause of action has been stated.
Ill
It appears that the Board is concerned with prohibiting someone from practicing social work in violation of the provisions of the Board Certified Social Work Practice Act. As alluded to by appellants, we do not believe that by the adoption of Rule No. 5 and the provision for the deduction of federal income tax and F.I.C.A. from salary and wages that the Board intended to imply that the only way an individual could prove they accumulated two years of supervised post-master’s experience was by evidence of a W-2 form as compared to any other means of proving supervised experience. To take such a position would amount to a refusal to recognize other terms and forms of employment and/or association. We do not ascribe such shortsightedness to the Board.
The procedural posture in matters of this nature is for the Board to conduct a hearing and to receive evidence showing that an individual has violated rules and regulations. Individuals accused of violations need not prove anything, but need only rebut evidence presented against them.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed, and this matter is remanded to the Board of Certified Social Work Examiners for further proceedings. Costs of this appeal are assessed against appellants.
AFFIRMED AND REMANDED.